CLEVELAND *et al. v.* CITY OF YONKERS *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

MUNICIPAL CORPORATIONS—EXTENSION OF SEWER—PROPERTY BENEFITED.

Where the state grants the land under water in front of the mouth of a sewer, and the grantee fills such land, an extension of the sewer, thereby rendered necessary, amounts to a construction of a section of the sewer within the provision of a city charter, by which the construction, extension, enlargement, and repairs of sewers are to be paid for by an assessment upon the property benefited. Such extension cannot be classified as repairs.

Appeal from special term, Westchester county.

Action by Cyrus Cleveland and others against the city of Yonkers and others, to restrain defendants from imposing or confirming an assessment for work on a sewer. Plaintiffs appeal. The following is the opinion of the special term: "BARNARD, P. J. The assessment in question is justified under title 7, § 17, of the charter of the city of Yonkers. By section 16 of the same title, the construction, extension, enlargement, and repair of sewers were to be paid for by an assessment upon the property benefited. If the enlargement in question had been made at the same time with the Ashburton-Avenue sewer, which ended at low-water mark, there would have been no question. This extension is made necessary because the state has granted the lands under water in front of the mouth of the sewer; and, unless the old sewer is extended, it will become useless and dangerous, as the grantee from the state has filled in the space in front to the channel bank of the river. The power to extend sewers is a continuing power, and therefore the case does not fall within the cases cited, where the power had been spent when one assessment had been made. The length of time intervening between the construction of the Ashburton-Avenue sewer and the grant from the state gives no right whatever to the city of Yonkers as against the state and its grantees. The motion for an injunction should therefore be denied, with $10 costs."

Argued before DYKMAN and PRATT, JJ.

*George C. Holt,* for appellants. *Joseph F. Daly,* for respondents.

DYKMAN, J. A careful examination discloses no errors in the proceedings for the prolongation of the sewer in Ashburton avenue. The extension amounted only to a construction of the sewer in sections. It was all new

work, and cannot be classified with repairs in any way or by any construction. We concur entirely with the views of the judge who made the order appealed from, and the order should be affirmed upon his opinion. Order affirmed, with $10 costs and disbursements. All concur.